h LEMMON, J.,
Concurring.
With regard to the constitutionality of La. S.Ct.R. 23, § 26, the Supreme Court of Louisiana has the power and authority to suspend a judge from office without pay for misconduct, or to impose the ultimate penalty of removal from office. La. Const, art. V, § 25. Inherent in the power to suspend or remove a judge is the power to specify the terms and conditions of the penalty of suspension or removal.[1] The court undoubtedly may suspend a judge for the remainder of the term the judge is serving at the time of the order of suspension, and an order of removal (the harsher penalty) certainly removes the judge for the remainder of the term he or she is then serving.
Because former Judge Jefferson was removed from office during the current term for which the present election was called, *315 he cannot serve as a judge during this term, irrespective of the validity of Rule 23, Section 26.
With regards to the separation of powers issue, the Supreme Court has general supervisory power and authority over all Louisiana courts, as well as the power to establish rules governing the operation of the courts and the judiciary. La. Const, art. V, § 5A.
| ¡While the Legislature has the general power to establish qualifications for all elective offices, the Supreme Court has the power to provide additional requirements regarding candidates for judicial office who have previously been removed from judicial office by the Court in judicial disciplinary proceedings.

. The Court exercises original jurisdiction in judicial disciplinary proceedings to determine whether there was proved misconduct and what penalty should be imposed, including the terms and conditions of the penalty. It stands to reason that the Court, in the exercise of original jurisdiction, can specify the terms and conditions of the penalty to be imposed. Moreover, the Court has the power to issue all needful orders in aid of its jurisdiction. La. Const, art. V, § 2.